**Kimberly LAUTERBORN, Appellant**

v.

**R&T MECHANICAL, INC.**

No. 06–4655.

United States Court of Appeals,
Third Circuit.

Argued April 10, 2008.

Filed: April 16, 2008.

---

Michael J. Zicolello, (Argued), Schemery Zicolello, Williamsport, PA, for Appellant.

Richard L. Etter, Schaun D. Henry, (Argued), McNees, Wallace & Nurick, Harrisburg, PA, for Appellee.

Before: SLOVITER and SMITH, Circuit Judges, and DIAMOND, District Judge.*

## OPINION

SMITH, Circuit Judge.

Kimberly Lauterborn appeals from an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of R&T Mechanical, Inc. on her claims of sexual harassment and retaliation in violation of Title VII. 42 U.S.C. § 2000e-2, and § 2000e-3.[1] For the reasons set forth below, we will affirm the judgment of the District Court.

We recite only the facts necessary to resolve this appeal as the parties are familiar with the extensive history of this case. Lauterborn alleged that while employed by R&T she was sexually harassed by one of her supervisors, Robert Savidge, a personal friend of one of R&T's owners, Timothy Baughman. Upon learning of Lauterborn's allegations, Baughman met with Savidge, who admitted Lauterborn's allegations. Baughman immediately terminated Savidge's employment.

Before Savidge's employment was terminated, Lauterborn volunteered to go to Alabama to work on a job, leaving her son in the care of her husband, who also worked for the company. She later al-

---

* The Honorable Gustave Diamond, Senior District Judge for the United States District Court in the Western District of Pennsylvania, sitting by designation.

1. The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. Appellate jurisdiction exists under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. *Shuman ex rel Shertzer v. Penn Manor Sch. Dist.,* 422 F.3d 141, 146 (3d Cir.2005).

leged that she was harassed while on the Alabama assignment. Instead of reporting the conduct to Baughman during a telephone conference, she informed Baughman that she had to return home to take care of her son. Baughman objected, noting that none of the employees liked being away from home and that there might not be any work if she returned. Nonetheless, Baughman instructed Lauterborn to obtain the approval of her supervisors before she returned home. Lauterborn failed to speak with one of her supervisors and returned home. When she reported to R&T, Lauterborn revealed to Baughman that she felt she had been harassed while in Alabama. According to Lauterborn, Baughman was not interested in listening to her. In response, Lauterborn walked out of the office. She did not return to work.

Thereafter, Lauterborn filed a complaint alleging a claim of sexual harassment by Savidge, sexual harassment while on the Alabama assignment, and retaliation for reporting what allegedly occurred in Alabama. After discovery, R&T moved for summary judgment. The District Court granted R&T's motion on each of Lauterborn's claims. With respect to her claim of sexual harassment based on Savidge's conduct, the District Court concluded that R&T was entitled to the affirmative defense set forth in *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). In *Ellerth,* the Supreme Court held:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence.... The

defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Id.* at 765, 118 S.Ct. 2257.

■ We will not disturb the District Court's grant of summary judgment on Lauterborn's claim of sexual harassment by Savidge. Lauterborn was aware that Baughman had an open door policy and yet she failed to report Savidge's conduct to him. Lauterborn's failure to take advantage of this opportunity was unreasonable.

■ As to Lauterborn's claim of sexual harassment in Alabama, the District Court's grant of summary judgment was likewise not in error. Lauterborn complained of being asked to go out to dinner. Such an invitation, standing alone, does not constitute sexual harassment. Moreover, it is undisputed that Lauterborn, during her telephone conversation with Baughman while she was in Alabama, failed to disclose to Baughman her concerns about sexual harassment at the worksite there. She chose silence despite her knowledge that Baughman would not tolerate such conduct. Viewed in that light, Lauterborn again acted unreasonably in failing to take advantage of preventive and corrective opportunities. *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257.

Lauterborn's claim of retaliation also fails. The record does not establish that Baughman took an adverse employment action. *See Farrell v. Planters Lifesavers, Co.,* 206 F.3d 271, 279 (3d Cir.2000). Even if we accept Lauterborn's view that she was laid off, she never sought to clarify

her status with the employer "to avoid harm otherwise." *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257.

Accordingly, we will affirm the District Court's judgment in favor of R&T.